United States Bankruptcy Court
Northern District of California
San Francisco Division

RIGHTS AND RESPONSIBILITIES OF CHAPTER 13
DEBTORS AND THEIR ATTORNEYS

It is important for debtors who file a bankruptcy case under Chapter 13 to understand their rights and responsibilities. It is also important that the debtors know what their attorney's responsibilities are, and understand the importance of communicating with their attorney to make the case successful. Debtors should also know that they may expect certain services to be performed by their attorney. In order to assure that debtors and their attorney understand their rights and responsibilities in the bankruptcy process, the following guidelines provided by the court are hereby agreed to by the debtors and their attorneys. Unless the Court orders otherwise,

*I. BEFORE THE CASE IS FILED*

   *A. The debtor agrees to:*

   1. Provide the attorney with accurate financial information concerning income and expenses, and assets and liabilities.
   2. Discuss with the attorney the debtor's objectives in filing the case.

   *B. The attorney agrees to perform the following "Basic Services":*

   1. Meet with the debtor to review the debtor's assets, liabilities, income, and expenses.
   2. Counsel the debtor regarding the advisability of filing either a Chapter 7 or Chapter 13 case, discuss both procedures with the debtor, and answer the debtor's questions.
   3. Advise the debtor of the requirement (and procedures involved) for obtaining a credit counseling certificate and completing the debtor financial management course.
   4. Advise the debtor of the requirement for providing documentation on income and tax return filings.
   5. Explain what payments will be made directly by the debtor and what payments will be made through the debtor's Chapter 13 plan, with particular attention to mortgage and vehicle loan payments, as well as any other claims which accrue interest.
   6. Explain to the debtor how, when, and where to make the Chapter 13 plan payments.
   7. Explain to the debtor how the attorney's fees and trustee's fees are paid and provide an executed copy of this document to the debtor.
   8. Explain to the debtor that the first plan payment must be made to the Trustee within 30 days of the date the plan is filed.
   9. Advise the debtor of the requirement to attend the 341 Meeting of Creditors, and instruct the debtor as to the date, time and place of the meeting.
   10. Advise the debtor of the necessity of maintaining liability, collision and comprehensive insurance on vehicles securing loans or leases.

11. Timely prepare and file the debtor's petition, plan, statements and schedules.

## II. AFTER THE CASE IS FILED

### A. The debtor agrees to:

1. Keep the Chapter 13 trustee and attorney informed of the debtor's address, e-mail address and telephone number.
2. Inform the attorney of any wage garnishments or attachments of assets which occur or continue after the filing of the case.
3. Inform the attorney promptly if the debtor loses his/her job or has other financial problems.
4. Inform the attorney if the debtor is sued during the case.
5. Inform the attorney if any tax refunds the debtor is entitled to are seized or not returned to the debtor by the IRS or Franchise Tax Board.
6. Inform the attorney before buying, refinancing, or selling real property or before entering into any long-term loan agreements, to find out what approvals are required.
7. Pay directly to the attorney any filing fees and expenses that may be incurred.
8. Inform the attorney about any loan modification applications, including requests for additional documents, and the grant or denial or other action on any such application.

### B. The attorney agrees to provide the following Basic Services:

1. Appear at the 341 Meeting of Creditors with the debtor.
2. Respond to objections to plan confirmation, and where necessary, prepare an amended plan.
3. Prepare, file, and serve necessary modifications to the plan which may include suspending, lowering, or increasing plan payments
4. Prepare, file, and serve necessary amended statements and schedules, in accordance with information provided by the debtor.
5. Prepare, file, and serve necessary motions to sell or refinance real property when appropriate.
6. Object to improper or invalid claims, if necessary, based upon documentation provided by the debtor.
7. Represent the debtor in motions for relief from stay.
8. Represent the debtor in motions to dismiss or convert.
9. Where appropriate, prepare, file, and serve necessary motions to avoid liens on real or personal property.
10. Review debtor's annual reports.
11. Monitor debtors' submission of annual tax returns to Chapter 13 trustee.
12. Respond to continuing creditor inquiries.
13. Maintain contact with debtors regarding changes in financial situations during Chapter 13 case.
14. Assist with and ensure debtor's submission of appropriate declarations and other requirements for obtaining discharge.
15. In connection with any of debtor(s)' loan modification applications, keep the Chapter 13 trustee up to date and amend the Chapter 13 plan as approrpriate.
16. Provide such other legal services as are necessary for the administration of the present case before the Bankruptcy Court.

***III. GUIDELINE FEES***

The "Guidelines for Payment of Attorney's Fees in Chapter 13 Cases" (Effective April 1, 2014) for the San Francisco Division provide for maximum initial fees in the following amounts:

**$4,000** for Basic Services; and an additional:

**$850** if the case involves real property claims;

**$500** for each additional parcel of real property with an encumbrance of at least $10,000;

**$700** if the case involves unfiled tax returns or objections to claims of taxing agencies;

**$500** if the case involves vehicle loans or leases;

**$1,800** if the case involves an operating business;

**$300** if the debtor has twenty-five or more creditors;

**$800** if the case involves domestic support claims;

**$300** if the case involves student loans;

**$500** if the case involves Motions to Extend Stay;

**$600** if the case involves Motions to Avoid Lien as to Personal Property;

**$1,250** if the case involves Motions To Avoid Lien as to Real Property, in which case Counsel's fee under this provision includes final disposition of the lien following completion of a confirmed plan.

Additional fees for services rendered may be automatically approved upon application by Counsel, without requiring the submission of time records and without a hearing, as follows:

(a) Plan modifications filed after one year from the petition date: **$400**;

(b) Permission to resell or refinance real property (unless the order confirming the plan permits sale or refinance without an order of the court), or for one or more motions to avoid judicial lien(s):

   i. Not requiring court hearing: **$300**;
   ii. Requiring court hearing: **$400**;

(c) New motions for relief from automatic stay, excluding unopposed motions, filed after one year from the petition date:

   i.  Regarding personal property: **$400;**
   ii. Regarding real property: **$700;**

(d) Motions to dismiss, convert, or reconvert (excluding Chapter 13 Trustee's motions to dismiss regarding plan payments and also excluding unopposed motions: **$450;**

(e) Assistance with preparation of tax returns: **$200;**

(f) Motions for plan modifications filed by the Chapter 13 Trustee more than one year after the petition date based on trustee's review of post-confirmation income, excluding unopposed motions: **$400;**

(g) Chapter 13 Trustee's motions to dismiss regarding plan payments filed more than one year after the petition date, but only if Counsel appears at the hearing, the motion is later withdrawn and the Debtor has not filed a motion to modify the plan: **$200.**

## *IV. ADDITIONAL FEES*

Absent unexpected and unusual circumstances, the Guideline Fees described in Part III are intended to be the only allowed compensation for all those services the attorney agrees to perform under Parts I and II, above. An attorney who seeks fees in excess of the Guideline Fees agrees to apply to the court for approval of such fees and costs, attaching a supporting declaration (with time records) justifying that those fees and costs are merited and have not been compensated through the amounts previously ordered. Reimbursement of advanced court fees shall be awarded independently of other fees and costs. Fees shall be paid through the plan unless otherwise ordered. The attorney may not receive fees directly from the debtor other than the initial retainer.

If the debtor disputes the legal services provided or the fees charged by the attorney, an objection may be filed with the court and the matter set for hearing. The attorney may move to withdraw, or the client may discharge the attorney, at any time.

Dated: 7/29/2014
       Cheng-Yi Wang
_____
                                Debtor

Dated: 7/29/2014
       Ching-Shi Wang
_____
                                Debtor

Dated: 7/29/2014
       Peter L. Kutrubes
_____
         Attorney for Debtor(s)

SF Division CH 13 Rights & Responsibilities – April 1, 2014        4
Case: 14-31049   Doc# 17   Filed: 07/30/14   Entered: 07/30/14 20:07:23   Page 4 of 4