CAMPEAU GOODSELL SMITH, L.C.
WILLIAM J. HEALY, #146158
440 N. 1st Street, Suite 100
San Jose, California   95112
Telephone:  (408) 295-9555
Facsimile:   (408) 295-6606

ATTORNEYS FOR

Mary Wang Oskamp

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

(San Francisco Division)

In re:

CHENG-YI WANG and CHING-YI WANG,

Debtors.

Case No. 14-31049

CHAPTER 13

**DECLARATION OF MARY WANG OSKAMP RE: MOTION FOR RELIEF FROM STAY**

Hearing Date:  September 4, 2014
Hearing Time:  9:30 a.m.
Judge:  Hon. Dennis Montali
            U.S.B.C.
            235 Pine St., 23rd FL.
            San Francisco, CA 94104

I, Mary Wang Oskamp, do hereby declare:

1. At all times herein I was over the age of eighteen. If called to testify as to the matters stated herein I would do so in an honest and competent manner. By way of this declaration I do not intend to waive any privileges, including the attorney client and work product privileges.

2. I submit this declaration in support of a Motion For Relief From Stay relative to debtors Cheng-Yi Wang and Ching-Yi Wang ("Debtors"), Debtors' estate, and the real property

described hereinafter.

3. I make this declaration of my own personal knowledge except as to those matters upon which I am informed and believe to be true. I am the creditor and based on my dealings with the borrowers and debtors herein am familiar with the underlying borrowers, loan, collateral, accounting relating to the loan and collateral, and various aspects of this bankruptcy case.

4. **Relationship Between Debtors and Moving Party.**

5. I am a secured creditor of Debtors' real property commonly known as 1270 Millbrae Ave., Millbrae, CA 94030 (APN# 024-211-300-9) ("Real Property") pursuant to a Deed of Trust And Assignment of Rents As Additional Security recorded with the San Mateo County Recorder on July 19, 2007/Document#2007-109169) and a Deed of Trust And Assignment of Rents As Additional Security recorded with the San Mateo County Recorder on August 3, 2007/Document#2007-117064 (jointly "Deed of Trust"). The Deed of Trust is junior to a deed of trust against the Real Property in favor of Chase. True and correct copies of the Promissory Note and Deed of Trust and additional items are part of Proof of Claim No. 3-1. Attached hereto as Exhibit A is a true and correct copy of Proof of Claim No. 3-1.

6. On May 7, 2010 Debtors and I entered into a Secured Promissory Note in the principal amount of $125,000 with interest at 6.50% per annum, monthly interest payment of $677.08, a late fee of at least 6%, and a Maturity Date of May 31, 2011 ("Promissory Note"). This Promissory Note extended and amended previous related notes. The Promissory Note is secured by the Deed of Trust. Debtors' Schedule A and D acknowledge the value of the Real Property at $1,886,000.

7. The Promissory Note also contains a "due on sale/transfer" clause and an attorney's fees provision. As of the Petition Date Oskamp was owed, pursuant to the Promissory Note, approximately $162,125.30 (See Moving Party's Proof of Claim, Claim#3-1).

8. The Promissory Note, by its very terms and notwithstanding the "due on sale/transfer clause", fully matured on May 31, 2011.

9. Debtors last paid on the Promissory Note in May 2011.

10. At the time of the Petition Date (July 15, 2014) ("Petition Date"), I had commenced and

1. was close to completing foreclosure on the Deed of Trust. Specifically, on January 8, 2014 I had recorded a Notice of Default and on June 18, 2014 recorded a Notice of Trustee Sale. Debtors filed this bankruptcy case to delay the pending foreclosure. Debtors also commenced a state court action on April 22, 2014, attempted to secure a temporary restraining order to enjoin the foreclosure sale, but the temporary restraining order was denied by on order dated July 11, 2014 (Cheng-Yi and Ching-Shi Wang v. Mary Wang Oskamp, et al, San Mateo County Superior Court Action No.: CIV 528126).

11. On August 15, 2014 my counsel filed and served formal notice of rights to cash collateral and non-consent wherein I claimed title in the rents, issues, and profits in the Real Property pursuant to the Deed of Trust. In addition and alternatively, I claimed that all rents, issues, and profits generated from the Real Property are property and/or cash collateral.

12. Debtors' Plan references rental income (Section 1.01), Debtors' Schedule G and I reference rental agreements and income from Debtors' son and others and employment in Korea (for approximately 1 ½ years), and Debtors' Statement of Financial Affairs indicates that since mid-2012 Debtors' records were in Korea. In addition, Debtors' Schedule I and Statement of Financial Affairs also strongly suggest, and maybe even state, that since mid-2012 or approximately the last 1 ½ years Debtors' have owned and operated a restaurant in Korea and since late 2013 have rented the Real Property to others.

13. Debtors have not secured Moving Party's consent or the court's authorization to use cash collateral.

14. This is Debtors' second bankruptcy in the last few years. On June 7, 2011 Debtors commenced a Chapter 13 Bankruptcy (In re Wang, Cheng-Yi and Ching-Shi, USBC (CA ND) Case NO. 11-32184 ("First Bankruptcy Case")). The First Bankruptcy Case was converted to a Chapter 7 and Debtors received a discharge on April 24, 2013. Although my name was listed as a secured creditor in Debtors' First Bankruptcy Case (Schedule D, Docket#9), my name was not part of Debtors' Creditor Matrix (Docket#2) or listed in related certificates of service/mailing.

15. Debtors' Schedule A, C, and D (Docket#12) indicate secured debt totaling

$1,459,336.00 with said total consisting of secured debt to Chase of $1,334,336.00 and to me of $125,000.00[1].

16. I request relief from stay because the Promissory Note matured in May 2011, Debtors' last paid on the Promissory Note in May 2011, Debtors' cannot present any feasible plan of reorganization as they work and apparently reside in Korea, their income is insufficient to pay their secured debt on an ongoing basis, and they have and continue to use cash collateral in the form of rental income without notice to or consent or this court's authorization.

17. Pursuant to Debtors' Plan (Section 1.01) and Debtors' Schedule G and I, the majority of Debtors' income ($4,000 of $6,752.36) is rental income from the Real Property. Pursuant to Debtors' Schedule J their monthly net income is $1,736.43[2] from which they propose to pay $1,500.00 to satisfy various trustee fees, Debtors' counsel, "arrears" on the Promissory Note, the Promissory Note, and the Internal Revenue Service[3]. Simply, Debtors' do not have sufficient income or net income to pay the proposed Plan payments or any potentially proper plan payments.

18. The Promissory Note fully matured by its terms on May 31, 2011-over 3 years ago; notwithstanding Debtors' schedules I am owed $162,125.30 and not $125,000.00; Debtors' current plan proposes to pay "arrears" of $13,800 (without interest) although the Promissory Note matured on May 31, 2011; Debtors' current Plan appears to pay me substantially less than 100% of the debt (the current plan proposes to pay me as a Class 4 creditor (see Section 2.07) at $1,080/month. Yet, at $1,080/month over the course of five (5) years/sixty (60) months Debtors would only pay $64,800----that is less than one-half (½) of the principal balance owed.

19. Debtors' First Bankruptcy Case, which neglected to include my name on its Creditor

---

[1] The actual debt owed to Moving Party is, as indicated in her Proof of Claim (Claim#3-1) $162,125.30, plus interest, attorney's fees, and costs.

[2] This "net" figure appears to exclude living expenses in Korea and filing and payment of income taxes (see Internal Revenue Service Proof of Claim, Claim No. 2-1 ($72,749.04 for seven (7) years (2007-2014)).

[3] The Proof of Claim for the Internal Revenue Service asserts a balance owing of $72,749.04 while the Plan indicates an estimate at $2,000.

1. Matrix/mailing list, was part of an overall design to delay foreclosure of the Real Property. As previously indicated Debtors also commenced a state court action on April 22, 2014, attempted to secure a temporary restraining order to enjoin the foreclosure sale, but the temporary restraining order was denied by on order dated July 11, 2014 (Cheng-Yi and Ching-Shi Wang v. Mary Wang Oskamp, et al, San Mateo County Superior Court Action No.: CIV 528126).

20. Other documents referenced herein and related to the motion are available but not attached to avoid attaching voluminous and extraneous documents and potentially privileged and confidential information.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and executed this 20th day of August 2014 in Millbrae, California.

                                 /s/ Mary Wang Oskamp
                                 Mary Wang Oskamp