CAMPEAU GOODSELL SMITH, L.C.
WILLIAM J. HEALY, #146158
440 N. 1st Street, Suite 100
San Jose, California 95112
Telephone: (408) 295-9555
Facsimile: (408) 295-6606

ATTORNEYS FOR
Mary Wang Oskamp

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

(San Francisco Division)

| | |
|---|---|
| In re: | Case No. 14-31049 |
| CHENG-YI WANG and CHING-YI WANG, | CHAPTER 13 |
| Debtors. | **OBJECTION TO CLAIM OF EXEMPTION** |

Comes Now, secured creditor Mary Wang Oskamp ("Oskamp") and submits the following objection to Debtors' Chapter 13 Plan (Doc#16) ("Plan") filed by on July 30, 2014 by Debtors Cheng-Yi Wang and Ching-Shi Wang's (jointly "Debtors") claim of exemption as follows:

**Objection to Claim of Exemption**

Oskamp hereby objects to Debtor's claim of exemption set forth in Schedule C-Property Claimed As Exempt ("Schedule C")(Docket#12, page 5 of 13), specifically Debtors' claim of

---

**Objection to Claim of Exemption**

exemption of $175,000.00 made pursuant to California Code of Civil Procedure Section[1]
704.730 (a)(3) on the grounds that CCP 708.730 (a)(3) does not apply to Debtors who,
among other things, are not residents of the United States, are not residents of the State of
California, do not reside at 1270 Millbrae Avenue, Millbrae, CA 94030 ("Real Property"),
the Real Property is not Debtors' residence, and may have misapplied the alleged exemption
amount, ie.  Debtors' Schedule I omits Debtors' ages, Debtors are not disabled given their
self-employment, and Debtors' income is above the applicable limit.

     CCP 704.710 provides definitions relating to the exemption asserted by Debtors, including: "708.710 (a) "Dwelling" means a place where a person resides . . ." and "708.710 (c) "Homestead" means the principal dwelling (1) in which the judgment debtor or the judgment debtor's spouse resided on the date the judgment creditor's lien attached to the dwelling, and (2) in which the judgment debtor or the judgment debtor's spouse resided continuously thereafter until the date of the court determination that the dwelling is a homestead . . ."

     CCP 704.730 provides, in pertinent part, that:

> "(a) The amount of the homestead exemption is one of the following:
>
>   (1) Seventy-five thousand dollars ($75,000) unless the judgment debtor or spouse of the judgment debtor who resides in the homestead is a person described in paragraph (2) or (3).
>
>   (2) One hundred thousand dollars ($100,000) if the judgment debtor or spouse of the judgment debtor who resides in the homestead is at the time of the attempted sale of the homestead a member of a family unit, and there is at least one member of the family unit who owns no interest in the homestead or whose only interest in the homestead is a community property interest with the judgment debtor.
>
>   (3) One hundred seventy-five thousand dollars ($175,000) if the judgment debtor or spouse of the judgment debtor who resides in the

---

[1] Hereinafter CCP.

**Objection to Claim of Exemption**

1     homestead is at the time of the attempted sale of the homestead any
2     one of the following:
3     (A) A person 65 years of age or older.
4     (B) A person physically or mentally disabled who as a result of
5     that disability is unable to engage in substantial gainful
6     employment. There is a rebuttable presumption affecting the burden of
7     proof that a person receiving disability insurance benefit payments
8     under Title II or supplemental security income payments under Title
9     XVI of the federal Social Security Act satisfies the requirements of
10    this paragraph as to his or her inability to engage in substantial
11    gainful employment.
12    (C) A person 55 years of age or older with a gross annual income
13    of not more than twenty-five thousand dollars ($25,000) or, if the
14    judgment debtor is married, a gross annual income, including the
15    gross annual income of the judgment debtor's spouse, of not more than
16    thirty-five thousand dollars ($35,000) and the sale is an
17    involuntary sale."

Dated: September 11, 2014           Campeau Goodsell Smith.
                                                /s/William J. Healy, Esq.
                                                William J. Healy, Esq.